GREEN v. STATE.

Opinion delivered January 10, 1903.

1. MURDER—INDICTMENT.—An indictment for murder in the first degree is not defective because it alleges that the killing was done with, instead of *after*, deliberation. (Page 151.)

2. SAME.—An indictment for murder is sufficiently certain which, in substance, charges that defendant did murder one G. by shooting him with a gun held in his hands loaded with gunpowder and leaden bullets. (Page 151.)

3. TRIAL—ADJOURNMENT.—There was no abuse of the trial court's discretion in taking an adjournment after defendant's counsel had concluded his argument, it being an hour before sunset. (Page 152.)

4. EVIDENCE—COMPETENCY.—In a prosecution for murder, evidence that a day or two before the killing, the deceased's brother was seen watching around defendant's house, armed with a gun, was improper, where it was not shown to have had any connection with the action of the defendant at the time of the killing. (Page 152.)

Appeal from Miller Circuit Court.

JOEL D. CONWAY, Judge.

Affirmed.

*Joe E. Cook,* for appellant.

The demurrer to the indictment should have been sustained. 26 Ark. 333; 34 Ark. 264; 61 Ark. 359; 62 Ark. 369; Sand. & H. Dig., § 2074. It was error to exclude the testimony of Arthur Green. 12 S. W. Rep. 1082. The giving of an instruction indicates that the evidence warranted the giving of it. 69 Ark. 186. It was error to give instruction No. 6. 58 Ark. 57.

*Geo. W. Murphy, Attorney General,* for appellee.

BUNN, C. J. This is an indictment for murder in the first degree, trial and verdict for murder in the second degree, and punishment of five years in the penitentiary, and defendant appealed.

The first question raised by appellant is by demurrer to the indictment. The indictment reads as follows (omitting formal parts), to-wit: "That one W. M. Green, late of said county, on the 10th day of August, 1900, in the county aforesaid, did wilfully, unlawfully and feloniously and of his malice aforethought with premeditation and deliberation kill and murder one Emmett Greene, a human being, by then and there shooting him, the said Emmett Green, with a gun, he, the said W. M. Green, then and there held in his hands loaded with gunpowder and leaden bullets, with intent him, the said Emmett Greene, then and there to kill and murder, contrary to the form of the statutes, and against the peace and dignity of the state of Arkansas."

The grounds of the demurrer, were:

"1. Because the indictment does not state facts sufficient to constitute a public offense.

"2. Because it states that the defendant's hands, and not the gun, were loaded with gunpowder and leaden bullets.

"3. Because it alleges that it was done with premeditation and deliberation, instead of after premeditation.

"4. Because it does not allege that the shooting was done with a felonious intent."

To charge that the killing was done *with* premeditation and deliberation, instead of charging that it was done *after* premeditation and deliberation, is not such a difference in the common acceptation of the meaning of the two words in such a connection as to be a ground for demurrer, for, whichever of the two words are thus used, it is understood that the deed is charged to have been committed premeditatedly and deliberately.

The statute says: "The indictment is sufficient if it can be understood therefrom   *   *   *   that the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment on conviction, according to the right of the case." Sand. & H. Dig., § 2075, subd. 3. And section 2076 reads as follows, to-wit: "No indictment is insufficient, nor can the trial, judgment or other proceeding therein be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on its merits."

The objection that the indictment charges that the "hands of defendant, and not the gun, were loaded with gunpowder and leaden balls," is not borne out by the language of the indictment.

The expression "loaded with gunpowder and leaden balls" manifestly relates to the gun, for that is the only thing loaded with powder and ball with which one could shoot, as charged, for the hand loaded with powder and ball could not shoot. Besides, no one would mistake the meaning of the language of the indictment in this respect, and, in the light of the statutes we have just quoted, there was nothing to the prejudice of the defendant in this inartistic language.

The objection that in the progress of the trial, after the defendant's counsel had concluded his argument, it being about an hour before sunset, the court took an adjournment until the following morning, over the earnest objection of the defendant, was a question addressed to the trial court's sound discretion, and, unless we could see that defendant was prejudiced thereby, we will not reverse upon the ground that such discretion was abused. We cannot so well judge of all the surroundings as could the trial court.

The exclusion by the trial court of evidence tending to show that on the day or two before the killing "Arthur Green, brother of the deceased, was seen watching around defendant's house, armed with a gun," was not improper, as it had no real connection with the action of the defendant at the time of the killing, so far as shown.

There does not appear to be any reversible error in the giving of instructions, and, upon the whole case, there being ample evidence to sustain the verdict, the judgment should be affirmed, and the same is accordingly done.