## VASSER v. STATE.

## Opinion delivered May 13, 1905.

1. MURDER—SUFFICIENCY OF INDICTMENT.—An indictment for murder which alleged that defendants "did unlawfully, willfully, feloniously and of his malice aforethought, and after deliberation and premeditation, kill and murder one J. F.," etc., sufficiently alleges that the shooting was done with intent to kill. (Page 376.)

2. EVIDENCE—DOUBLE KILLING—ACTS OF CODEFENDANTS.—Where the evidence tended to prove that the killing of two brothers by defendant and three others, jointly indicted, was so near in point of time and place as to constitute a single transaction, so that it was impossible to develop the case as to the killing of one without proof of the killing of the other, defendant, on trial for the murder of one of the brothers, cannot complain of the admission of testimony as to the acts of his codefendants in killing the other brother. (Page 377.)

3. TRIAL—REMARK OF COURT CONCERNING WITNESS.—Where counsel for defendant was endeavoring to compel a witness to turn over to him a certain written instrument, which the court had properly held inadmissible in evidence, a remark of the court to counsel that the witness was a reasonable man, and would give the instrument to counsel when it became necessary, was not an expression of opinion as to the credibility of such witness, and was not prejudicial. (Page 377.)

4. SAME—ARGUMENT.—Where the evidence tended to prove that the accused and his codefendants went together from De Queen to Lockesburg, where they killed deceased, it was not improper for the prosecuting attorney to argue that the killing was "concocted at De Queen." (Page 378.)

5. SAME.—Where, in a murder case, the defense of the accused was that he took no part in the shooting, and there was evidence that soon after the killing, when arrested by an officer, he had a loaded pistol which apeared to have been fired recently, and that he at first refused to surrender the pistol, saying that it was all the protection he had, it was not improper for the prosecuting attorney to ask the jury by way of argument, why did defendant not prove to the officer "that he was innocent?" and "did he ever claim that he was innocent?" (Page 378.)

6. SAME—REMARK OF COURT.—The bill of exceptions showed the following: "And, thereupon, after the arguments were concluded, the court read the instructions to the jury, and remarked: 'In the charge of murder in the    first   degree—', whereupon defendant's counsel excepted, and the court, in the presence of the jury, made the follow-

ing remark: 'All right; I withdraw the remark. I did not think about you being in the case, or I would not have done it.'" *Held,* that the court's remark did not pertain to the merits, and was not prejudicial. (Page 379.)

7. FAILURE TO INSTRUCT—NECESSITY OF REQUEST.—Failure of the court to instruct upon a certain feature of the case was not error if no request was made for said instruction. (Page 381.)

8. ABSTRACT INSTRUCTIONS—PREJUDICE.—One convicted of murder cannot on appeal complain that the trial court gave abstract instructions, which allowed the jury to find for a lower offense than that of which he was guilty, if he was guilty at all. (Page 381.)

9. VIEW—ABSENCE OF DEFENDANT.—The fact that the bailiff in charge of the trial jury permitted them to go to the place where the shooting took place and view the ground in the absence of defendant or his counsel, and without his consent, is not reversible error if the trial court found from the evidence that no prejudice resulted therefrom. (Page 381.)

Appeal from Sevier Circuit Court.

JAMES S. STEEL, Judge.

Affirmed.

### STATEMENT BY THE COURT.

R. R. Vasser was jointly indicted at the January term, 1904, of the Sevier Circuit Court, with Will Taylor and others, for murder in the first degree for the killing of one John Forshee.

Appellant severed, was tried, convicted of murder in the second degree, and sentenced to five years in the penitentiary. The proof tended to show that appellant and others killed John and Dave Forshee. John Forshee fell on or near the place where the shooting began. Dave ran some distance, and was pursued and fired upon until he was killed. The facts are set forth in *Taylor v. State,* 72 Ark. 613.

The grounds of the motion for new trial urged here are:

"4. The court erred in overruling the motion in arrest of judgment filed in this case.

\*        \*        \*        \*        \*        \*

"6. The court erred in allowing the witness Alex Little to testify to the acts of other parties than defendant in shooting at Dave Forshee after John Forshee had fallen.

"7.   Because of the following remark of the court:   'I will. not allow a witness to be contradicted by a statement drawn up by one of the attorneys on one side when the others are not present.   It is a departure from our practice.'

"8.   Because the court stated in the presence of the jury: 'Mr. Little is a reasonable man.   He will give it (the written statement) to you when it becomes necessary.   Let him keep it awhile.'

\*            \*            \*            \*            ⚓            \*

"15.   Because of the following remarks of the prosecuting attorney, towit:   'Why didn't he prove to Mr. Thomas that he was innocent?   Did he ever claim that he was innocent?   This thing was deliberated, premeditated and concocted at De Queen, Ark.'

"16.   Because the court erred in remarking in the presence of the jury when J. D. Head, counsel for defendant, excepted to the court's giving the jury an oral instruction, as follows:   'All right; I withdraw the remark.   I did not think about you being in the case, or I would not have done it.' "

From No. 17 to No. 28, inclusive, are exceptions to the twelve instructions given at the request of the State.

No. 32 is as follows:   "Because, after the jury had retired to consider of their verdict, the bailiff in charge of the jury allowed the said jury to go out upon the ground where the shooting took place, and view the character thereof without the consent of the defendant, and when said defendant was not present, either in person or by attorney."

*Scott & Head* and *Otis T. Wingo,* for appellant.

The indictment was defective in failing to allege that the shooting was done with the purpose or intent to kill the deceased. 9 Am. & Eng. Enc. Law, 627-629; 51 Ark. 189; 61 Ark. 359. The court erred in admitting evidence of the shooting of Dave Forshee, after the conspiracy, if any there was, to kill John Forshee was at an end and its objects accomplished.   The court erred in commenting upon and expressing an opinion of the character of witness Little. 51 Ark. 147. The court erred in remarking to coun-

. sel for appellant, in the presence of the jury, upon an exception
made by said counsel, "All right; I withdraw the remark. I did
not think of your being in the case, or I would not have done it."
51 S. W. 591. Certain of the remarks of the prosecuting attorney,
excepted to by appellant, were erroneous, and prejudicial. The
court erred in its third and fifth instructions, upon the theory of
conspiracy. 62 Ark. 286; 69 Ark. 189. The court erred in instruct-
ing the jury in the various degrees of homicide, because the evi-
dence showed that appellant was either guilty of murder in the
first degree, or not at all. 30 Ark. 328, 337; 50 Ark. 506; 85 S. W.
416; 50 Ark. 545; 83 S. W. 318; 83 S. W. 345; 83 S. W. 922.
The court erred in permitting the jury to view the premises in
the absence. and without the consent of defendant. 30 Ark. 328,
348.

*Robert L. Rogers, Attorney General,* for appellee.·

There was no error in the third instruction given on motion
of defendant. 58 Ark. 480.. Nor in the fourth. 75 ·S. W. 851.
Nor in the seventh. 11 Ark. 461. Nor in the eighth. 68 Ark.
567. The conspiracy was proved, and appellant was an accom-
plice. 9 Am. & Eng. Enc. Law, 570; 43 Ark. 99; *Ib.* 149; 56
Ark. 515. The indictment was sufficient. 5 Ark. 444; 12 Ark. ·
156; 20 Ark. 156; 17 Ark. 508.

WOOD, J., (after stating the facts.) Treating the assign-
ments of error in the order named:

First. It is contended that the indictment fails to specifically
allege that the shooting was done with the intent to kill deceased.
The indictment charges. "T. C. Taylor, Will Taylor, Arthur
Taylor and R. R. Vasser of the crime of murder in the first
degree, committed as follows, towit: The said defendants in the
county and State aforesaid, on the 19th day of January, A. D.,
1904, did unlawfully, willfully, feloniously and of his malice
aforethought, and after deliberation and premeditation, kill and
murder one John Forshee," etc. The indictment is sufficient.
*Green* v. *State,* 71 Ark. 150; *La Rue* v. *State,* 64 Ark. 144;
*Hamilton* v. *State,* 62 Ark. 543; *Jones* v. *State,* 61 Ark. 88.

Second. It was not error to permit testimony as to the acts
of other parties in shooting at Dave Forshee after John had

fallen. The killing of John and Dave Forshee was one continuous transaction. The death of each was so near in time and place as to constitute but one rencounter. It was impossible to properly develop the case as to the killing of one without proof of the killing of the other. The testimony on the part of the State justified the court in proceeding in the trial upon the theory that the killing of both the Forshees was part·of one plan carried out by the appellant and the Taylor boys at one and the same time, in one continuous occurrence, which ended only when both John and Dave Forshee had fallen from the shots of appellant and his confederates. *Taylor* v. *State,* 72 Ark. 613.

Third. The remarks of the court—"Mr. Little is a reasonable man. He will give it [speaking of a written instrument] to you when it becomes necessary. Let him keep it awhile"—were not prejudicial to appellant. These remarks, it appears, were elicited by an effort on the part of one of the attorneys for appellant to have the witness Little, while on the witness stand, turn over to him a certain written statement, which purported to be a statement that the witness had written, or the attorney had written for him, a day or so before, not in the presence of the court or the attorneys for the other side. The court very properly held that the statement had no place in the case for any purpose. Upon the insistence of one of the attorneys for appellant that this statement be turned over to him, and the refusal of the witness to do so, the court remarked that he was not going to force the witness to let the attorney have the paper, that "Mr. Little is a reasonable man. He will give it to you when necessary," etc. These remarks were not germane to the ruling of the court in excluding the improper paper, and the court might have refrained from interposing in the controversy between the witness and the attorney as to the surrender of the paper, without any remark upon the character of the witness upon the stand. But, as it is evident that these remarks of the court had no reference to the character of the witness Little as a witness, and were not made to indicate that he should be regarded as a reasonable man in the giving of his testimony, and had no reference whatever to his credibility as a witness, we do not think any prejudice could have resulted to appellant. That the court considered the witness Little a "reasonable man" in a controversy between him and the

attorney as to whether or not he should surrender a certain paper is no indication or expression of the opinion of the court as to the character of the witness for truth. If the remarks of the court could be construed as an expression of opinion as to the credibility of the witness, they would be improper and prejudicial. But in the connection used they are not susceptible of such construction, and the jury could not have received such impression from them.

Fourth. While R. E. Steel, prosecuting attorney, was making his final argument to the jury, he made use of the following expressions, to which exceptions were duly saved: .

"And these Taylor boys, who have been citizens of Sevier County for a number of years, with sixshooters under their belts, and Vasser with a big forty-five coming over to Lockesburg— why did he not prove to Mr. Thomas that he was innocent? Did he ever claim he was innocent? This thing was deliberated, premeditated and concocted at De Queen, Ark."

The argument was not improper. The testimony showed that appellant and the Taylor boys did have pistols, and that appellant went to Lockesburg from De Queen with the Taylors, and the proof tended to show on behalf of the State that they made with pistols a deadly onslaught, apparently in concert, upon the Forshees without any provocation. Such being the case, it was wholly immaterial where the conspiracy was concocted. But it was not an improper argument for the prosecuting attorney, under the circumstances, to give it as his conclusion that the killing was "concocted at De Queen." It was not the concoction, but the consummation, of the conspiracy that became the material matter before the jury, under the proof.

We see nothing improper or prejudicial in the prosecuting attorney asking the jury by way of argument, "Why did he [defendant] not prove to Mr. Thomas that he was innocent?" and in asking, "Did he ever claim he was innocent?"

W. F. Thomas, for the State, testified: "I am deputy sheriff, and made an arrest of Arthur, Tom and Will Taylor and R. R. Vasser. They were about four blocks from the Russey building. I started in pursuit as soon as the shooting began. When I went to arrest them, I asked them for their guns, and

reached for Vasser's gun, but he said, 'No, this is all the protection I have got.' I believe he said, 'I cannot give it up.' I got hold of the gun, and one of the Taylor boys said, 'Let him have it,' and he turned it loose. The gun was loaded all around when I got it. I examined all the guns, and put my finger in the barrel of all the guns, and each of them smutted it. The Vasser gun was a forty-five Colt's, loaded all around with six cartridges. I do not know how long a gun will smut. It depends upon the weather."

The defense of Vasser was that he took no part in the shooting, and he testified that he "did not shoot at Dave or John Forshee." Witnesses for the State testified that Vasser shot at John Forshee, and shot at him after he had fallen. In view of this proof, the argument was not improper. If he did not shoot, and was innocent as he claimed, then the question might well be asked, Why did he not show to the deputy sheriff that he was innocent by surrendering his pistol when demand was made of him, and why did he need protection, if innocent, and why did he not then claim to be innocent? The argument was certainly legitimate.

Fifth. The bill of exceptions shows the following: "And thereupon, after the arguments were concluded, the court read the instructions to the jury, and remarked that 'in the charge of murder in the first degree'—whereupon the counsel for defendant excepted to this statement, and the court, in the presence of the jury, made the following remark: 'All right; I withdraw the remark. I did not think about you being in the case, or I would not have done it." To each and all of which said remarks J. D. Head, counsel for defense, at the time excepted, and asked that his exceptions be noted of record, which is done."

It appears from this exception that the court was interrupted by counsel with an objection before it had concluded the sentence. Up to the time of the interruption nothing had been said by the court that could possibly be the basis of a fair or legitimate objection or exception. But counsel for appellant doubtless conceived the idea that the court was going to give some verbal instruction, and his premature interruption and objection, we assume, grew out of his anxiety to protect every interest of his

client. But he should have waited until there was some indication that something prejudicial to his client was about to be said or done. The objection at the time was improper, .and was doubtless regarded by the presiding judge as frivolous and impertinent. For, unfortunately, he allowed the objection to arouse in him a spirit of impatience and petulance, as manifested by the following remarks of a personal nature addressed to the attorney: "All right; I withdraw the remark. I did not think about you being in the case, or I would not have done it." Now, it is urged here that the remarks of the presiding judge were calculated to prejudice the jury against the counsel for appellant, and to convey to them the idea that counsel "was captiously saving exceptions." Whatever unfavorable impression the premature objection of counsel and the sarcastic reply thereto by the trial judge might have made upon the jury as to the demeanor of the officers themselves, we feel quite sure that the jurors, as sensible men, could not have been influenced thereby in the making of their verdict. For nothing was said or done that in any manner pertained to the merits of the cause.

Sixth. The objection raised to instructions numbered three and five given at the request of the State is not well taken.

No formal definition of conspiracy was called for by the proof in this case. Moreover, if appellant's counsel conceived that such a definition was necessary, they should have presented, and had the court to rule upon, a request for such instruction. Instructions three and five given at the instance of the State, and instructions nine and ten given at the request of appellant, fully cover the law applicable to the facts, and meet every objection that could be urged by appellant as to the absence of an instruction on conspiracy.*

---

*NOTE.—Instructions three and five given at the instance of the State were as follows:

"3. The court instructs the jury that if you believe from the evidence beyond a reasonable doubt that the defendant, in connection with Tom Taylor, Will Taylor and Arthur Taylor. wilfully, deliberately, and maliciously, and after premeditation and deliberation, killed John Forshee, the defendant would be guilty of murder. and the time when the intent to take life was formed is not material. All that is necessary in order to sustain a conviction of murder in the first degree is that it be shown, from the facts and circumstances, beyond a reasonable doubt, [that] the design and intent to

Appellant's counsel also complained because the court instructed the jury upon the various degrees of homicide, insisting that appellant was guilty of murder in the first degree or nothing. We concede that instructions upon self-defense and manslaughter, under the defense set up for appellant, were abstract. The jury, having found that appellant was guilty of murder, disregarded his theory that he did not take part in the shooting. There could be no possible prejudice therefore in instructions which, though abstract, allowed the jury to find for a lower offense than that of which he was guilty, if guilty at all.

Seventh. The alleged misconduct of the bailiff in permitting the jury to go to the place where the shooting took place and view the ground, in the absence of the appellant or his counsel and without his consent, was explained by the deputy sheriff in an affidavit showing that nothing was done in this regard prejudicial to appellant. The trial judge heard the evidence pro and con bearing upon this alleged misconduct, and, having satisfied himself that no prejudice resulted, we will not disturb his finding.

---

take the life of the deceased was formed in the minds as the result of premeditation by defendant before the act of killing.

"5. The court instructs the jury that if they believe from the evidence beyond a reasonable doubt that the defendant, R. R. Vasser, in connection with Tom Taylor, Will Taylor and Arthur Taylor. killed John Forshee, and that the defendant participated, aided or assisted in the killing of John Forshee, it will not be necessary, in order to convict the defendant, for the State to prove that he fired any shot or shots that resulted in the death of the deceased; and if you believe from the evidence beyond a reasonable doubt that he was present, aiding, abetting and assisting, he would be as guilty as though he had fired the fatal shot."

Instructions nine and ten given at the request of appellant were as follows:

"9. Even if the jury should find from the evidence beyond a reasonable doubt that the deceased, John Forshee, was killed at the time and place in question. and that the said defendant. R. R. Vasser, was present at the time of such killing, and that such killing was murder, still if you are not satisfied from the evidence beyond a reasonable doubt that the said R. R. Vasser was previously aware of the purpose to commit such murder. or that he in some way aided, abetted or assisted in the killing or advised or encouraged it, then they should find the said R. R. Vasser not guilty.

"10. The court instructs the jury that the mere fact of one person being present at the time the shooting occurred, and the further fact that he follows along after the party doing the shooting, are not of themselves sufficient to convict the party following of aiding and abetting in the shooting; but, before you can find that the defendant was aiding and abetting in the shooting, you must find that he was acting in concert with those committing the crime, and actually participating in some manner in the shooting."

The question was peculiarly one for him to pass upon. Upon the affidavit of the deputy, we do not see that the court erred in refusing to set aside the verdict on account of this alleged misconduct. *Frame* v. *State,* 73 Ark. 501.

The affidavit shows that the jury passed over the ground on account of an emergency; that the visit was more by accident than design. The jury was not taken to the place to view the ground at all, but to accommodate one of the jurors, who had a call of nature, and wanted to visit the nearest closet, and went upon the ground on that account. The juror "was sick, and could not go any further." The officer had the entire jury under his supervision, and "there was nothing said one way or the other about it while we were there" is his language.

The judgment is affirmed.