Nolan McCOY Jr. *v.* STATE of Arkansas

CR 75-218                     535 S.W. 2d 439

Opinion delivered April 19, 1976

*Harold L. Hall,* Public Defender, by: *Michael Castleman,*

Dep. Public Defender, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Terry Kirkpatrick,* Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. On May 9, 1974, appellant Nolan McCoy was charged by informations with the delivery of heroin and the delivery of marijuana. Appellant was tried to the court and found guilty on each charge and was sentenced to five years in the state penitentiary.

For reversal appellant first contends "the state failed to establish a proper chain of evidence." We find this contention without merit.

Perry Randall, an undercover agent for the Little Rock Police Department, testified he purchased heroin from appellant on October 31, 1973. Almost immediately after the purchase he returned to the police department where he appropriately marked, initialed, sealed and tagged the heroin with property tag No. 817 and then stored it in the narcotics safe.

He testified further that thereafter he purchased marijuana from appellant which he brought back to the police department where he again logged, tagged, sealed and stored it in the narcotics safe under property tag No. 860.

Officer Jerry Royster testified he transported a package with property tag No. 817 to Manuel Holcomb at the Arkansas State Health Department. That later he transported a package bearing property tag No. 860 to James Henry at the Arkansas State Health Department, and that both packages were taken from the locked narcotics safe at the police department.

Holcomb, chemist for the State Health Department, testified he received the substance with tag No. 817 from Officer Royster and assigned it a laboratory number. The substance proved after analysis to be heroin, and he had kept it in his possession since its reception.

Chemist James Henry testified to a similar procedure for

the substance tagged No. 860, which he found to be marijuana.

The drugs which were introduced at the trial were identified as the substances received from appellant by the undercover agent, according to tagging procedures and numbers assigned, and by the chemists for the State Health Department, who verified receipt, analysis and possession until the date of trial. Thus custody and control was established at each stage of the procedure.

Appellant next urges that his arrest was illegal and he should be given credit for all time spent in jail from his arrest on April 11, 1974, until the felony information was filed on May 9, 1974.

Appellant contends his arrest was illegal because it was authorized on the basis of a warrant originally issued in the name of Robert Curry, which name at some time before arrest was scratched out and appellant's true name inserted.

The warrant contained two additional accurate descriptive elements, appellant's alias "Monk" and his correct address. Officer Randall testified that appellant was known to him as "Monk", and he identified "Monk" at the trial as being McCoy and as being the person from whom he made both purchases.

The Fourth Amendment to the Constitution of the United States does not require an arrest warrant to set forth the name of the arrestee. The constitutional requirement is that no warrant shall issue unless the description is sufficient to identify the person to be seized. "By the common law, a warrant for the arrest of a person charged with crime must truly name him, or *describe him sufficiently to identify* him." (emphasis supplied) *West* v. *Cabell,* 153 U.S. 78, 14 S. Ct. 752, 38 L. Ed. 643 (1894). The inquiry is not whether the correct name was used, but whether the person has been sufficiently described for identification. See also 22 C.J.S. Criminal Law, § 311.

Thus the arrest warrant sufficiently described appellant so that his identity was established with reasonable certainty

despite the use of the erroneous name.

Furthermore, appellant was sentenced to only five years, and the addition of his pretrial incarceration time (less than a month) does not exceed the maximum penalty of thirty years for delivery of heroin or ten years for marijuana. There is no absolute right to pre-sentence detention credit absent some constitutionally impermissible basis; i.e., a denial based on poverty. See *Parker* v. *Estelle*, 498 F. 2d 625, (5th Cir. 1974), rehearing denied 503 F. 2d 567, cert. denied, 421 U.S. 963, 95 S. Ct. 1951, 44 L. Ed. 2d 450 (1975). In the absence of a statute so providing, it is not error to refuse credit for pretrial incarceration where the defendant was sentenced to less than the maximum. *Amato* v. *U.S.*, 374 F. 2d 36 (3d Cir. 1967).

In *Howard* v. *Blackwell*, 389 F. 2d 84 (5th Cir. 1967), the appellant was sentenced to ten years which was less than the maximum. The court found in *Howard* that in such circumstances it will be presumed that credit had been given for 184 days of pre-sentence incarceration.

It should also be noted that at trial appellant raised no objection to his sentence, nor did he request credit for that period of time he now alleges to be an illegal incarceration. The absence of an objection precludes appellant from raising the point for the first time on appeal. *Gregory* v. *Gordon*, 243 Ark. 635, 420 S.W. 2d 825 (1967).

Finding no reversible error, the case is affirmed.