James JACKSON, Jr. *v.* STATE of Arkansas

CA CR 79-2                                    585 S.W. 2d 367

Opinion delivered August 8, 1979
and released for publication August 29, 1979

*John W. Achor,* Public Defender, by: *William H. Patterson, Jr.,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Dennis R. Molock,* Asst. Atty. Gen., for appellee.

JAMES H. PILKINTON, Judge. This case was appealed to the Arkansas Supreme Court, and by that court assigned to

the Arkansas Court of Appeals pursuant to Rule 29(3) of the Arkansas Supreme Court.

On November 22, 1976, an Information was filed by the Prosecuting Attorney of the Sixth Judicial District in which the appellant was charged with theft of property. A jury was waived and trial was on September 20, 1978. The court found the appellant guilty as charged. Upon the state's presentation of the prior felony convictions, appellant was sentenced to five years imprisonment according to Ark. Stat. Ann. Sec. 41-1001 (Repl. 1977).

The appellant contends that the trial court erred in sentencing him under Ark. Stat. Ann. Sec. 41-1001 (Repl. 1977). He bases his argument on the fact that the offense occurred August 6, 1976, at which time Ark. Stat. Ann. Sec. 41-1001 provided a different penalty for a Class "C" felony; and, that the statute as amended was an ex post facto law as applied to him. The prior statute provided a penalty of not less than two years nor more than ten years for a Class "C" felony. Appellant correctly states that Ark. Stat. Ann. Sec. 41-1001 was amended in 1977 to increase the penalty to not less than three years nor more than fifteen years if the conviction is a Class "C" felony, thereby increasing the minimum sentence by one year and the maximum sentence by five years. In the present case appellant, after being found guilty, was sentenced to five years imprisonment. Thus, the sentence imposed by the trial court was within the permissible range of sentencing allowed by Sec. 41-1001 both at the time of the commission of the crime and at the time of the trial.

The record shows that appellant not only failed to object to the sentencing but concurred with the court on the sentence. The Arkansas Supreme Court has previously held that questions involving sentencing will not be considered for the first time on appeal. *Campbell* v. *State*, 265 Ark. 77, 576 S.W. 2d 938 (1979). *McCoy* v. *State*, 259 Ark. 607, 535 S.W. 2d 439 (1976).

Viewing the totality of the circumstances including the lack of an objection at trial, defense counsel's agreement with the trial court as to the applicable law, and the fact that the

sentence imposed by the trial court was within the permissible range, we hold that reversal is not warranted on this point as claimed by appellant.

Appellant also contends that the trial court erred in allowing testimony concerning the recovery of a stolen tire from the vehicle in which he was riding. He contends that the recovery of the stolen tire was the product of an illegal search and seizure. Appellant's argument is based on the contention that the search conducted in this case was a warrantless search not incidental to the arrest and therefore should have been excluded.

Rule 16.2 Arkansas Rules of Criminal Procedure provides:

> "The motion to suppress shall be timely filed but not later than ten days before the date set for trial of the case, except that the court for a good cause shown may entertain a motion to suppress at a later time."

There is no indication whatsoever that appellant made any motion to suppress evidence in this case prior to the objection made at the trial. It seems clear therefore that the appellant's motion to suppress evidence in testimony produced at trial was not timely made. Also there is no indication that appellant made any showing of good cause for which the court could have entertained a motion to suppress which was not timely made.

The Arkansas Supreme Court addressed a similar issue in *Parham v. State,* 262 Ark. 241, 555 S.W. 2d 943. In *Parham,* supra, the appellant was convicted of possession of marijuana with intent to deliver. In affirming appellant's conviction, the Supreme Court pointed out that three of his six points for reversal must fail as his motions to suppress were filed too late. The appellant in Parham filed his motion to suppress a day or two before the date for trial whereas in the present case no motion was made prior to the trial. We hold therefore that appellant's motion to suppress testimony concerning any evidence relating to the search and seizure of the stolen tire was not timely filed. See also *Burnett* v. *State,* 262 Ark. 235, 564

S.W. 2d 211 (1978). The further contention that the search of
the vehicle and seizure of the stolen tire were illegal is also
without merit. Appellant does not challenge the determina-
tion of probable cause to stop the vehicle, nor does he
challenge the validity of the arrest. He argues however that
the search could not be construed as incident to a valid arrest.
The search in this case was clearly within the guidelines es-
tablished by the Arkansas Rules of Criminal Procedure. Rule
12.1 provides, inter alia:

> An officer who is making a lawful arrest may, without
> a search warrant, conduct a search of the person or
> property of the accused for the following purposes only:

> (d) to obtain evidence of the commission of the offense
> for which the accused has been arrested or to seize con-
> traband, the fruits of the crime, or other things criminal-
> ly possessed or used in connection with the offense.

Similarly, Rule 12.4(a) provides:

> If, at the time of the arrest, the accused is in a vehicle or
> in the immediate vicinity of a vehicle of which he is in
> apparent control, and if the circumstances of the arrest
> justify a reasonable belief on the part of the arresting of-
> ficer that the vehicle contains things which are con-
> nected with the offense for which the arrest is made, the
> arresting officer may search the vehicle for such things
> and seize anything subject to seizure and discovered in
> the course of the search.

Attention is also called to Rule 14.1 which further ad-
dresses the issue of vehicular searches as follows:

> (a) An officer who has reasonable cause to believe that a
> moving or readily moveable vehicle is or contains things
> subject to seizure may, without a search warrant, stop,
> detain, and search the vehicle and may seize things sub-
> ject to seizure discovered in the course of the search
> where the vehicle is:

> (i) on a public way or waters or other areas open to the
> public; . . .

The testimony presented at trial indicated that there was ample reason for the officer to have reasonable cause to believe that contraband was being unlawfully transported in the vehicle in question, thereby rendering a warrantless search of the vehicle permissible under the circumstances existing.

Officer Whooten testified that while receiving radio communication that a theft of property was in progress at a certain location, he was west bound on the same street on which appellant was attempting to flee. The officer further testified that the appellant's vehicle was the only vehicle on the street besides the police car; and that appellant's car was sitting low in the rear. The Arkansas Supreme Court has previously held that whenever a police officer has reasonable cause to believe that contraband is being unlawfully transported in a vehicle, then the vehicle may be the object of a warrantless search. *Perez v. State,* 260 Ark. 438, 541 S.W. 2d 915 (1976). *Gordon v. State,* 259 Ark. 134, 529 S.W. 2d 330 (1976). As pointed out in *Perez,* supra, the determination of the soundness of the officer's concluding that probable cause for the search existed is made in the light of the particular situation, with account taken of all the circumstances. The facts in each case are likely to be different. Considering all of the circumstances in this case, it appears that the officer had reasonable cause to believe that the vehicle was unlawfully transporting contraband and thus had probable cause to stop the vehicle.

The search was valid if it was not reasonably practical to obtain a search warrant. *Perez,* supra, at 444; *Tygart v. State,* 248 Ark. 125, 451 S.W. 2d 225 (1970), cert. denied, 400 U.S. 807, 91 S. Ct. 50, 27 L. Ed. 2d 36 (1970). There were factors present in this case which would indicate that it was not reasonably practical for Officer Whooten to obtain a search warrant. He had information that a crime was in progress; that the criminals had been observed rolling a large tire from the scene of the crime to a parking lot; and the hour was late at night. Upon observing that the vehicle appeared to contain a heavy load as it seemed to be "sitting low in the rear", and was occupied by two suspects meeting the description of the information furnished him by the radio, the officer stopped

the vehicle. For the officer to have gone in quest of a search warrant at that hour of the night under the circumstances would have been impractical. This coupled with the other significant facts then existing produced a situation whereby warrantless search incident to the arrest was not only reasonable but would have rendered the officer subject to criticism had he not searched the automobile.

Affirmed.