Harry BATEMAN *v.* STATE of Arkansas

CA CR 81-45                               621 S.W. 2d 232

·      Court of Appeals of Arkansas
Opinion delivered September 23, 1981

*Ronald Gene Killion* and *Edgar G. Goodman*, for appellant.

*Steve Clark*, Atty. Gen., by: *Leslie M. Powell*, Asst. Atty. Gen., for appellee.

JAMES R. COOPER, Judge. Appellant was convicted of the crime of incest in violation of Ark. Stat. Ann. § 41-2403 (Repl. 1977) in Johnson County Circuit Court. The jury sentenced him to five years in the Department of Corrections. From that conviction comes this appeal.

As error, appellant argues that the trial court's reference

to the complaining witness as the "victim" was prejudicial, and that the court erred in failing to grant a mistrial in response to appellant's motion.

The question on appeal is whether the trial court abused his discretion in failing to grant a mistrial under these circumstances. *Chaviers* v. *State*, 267 Ark. 6, 588 S.W. 2d 434 (1979). A mistrial is an extreme remedy which should be utilized only as a last resort. *Price* v. *State*, 268 Ark. 535, 597 S.W. 2d 598 (1980). It is clear that the verdict of the jury should not be biased or affected by expressed opinions of the trial court. [*Sharp* v. *State*, 51 Ark. 147, 10 S.W. 228 (1889); *West* v. *State*, 255 Ark. 668, 501 S.W. 2d 771 (1973)], but we must look at the totality of the circumstances in determining whether or not the remark was so prejudicial that a mistrial should have been granted [*Peals* v. *State*, 266 Ark. 410, 584 S.W. 2d 1 (1979); *Vassar* v. *State*, 75 Ark. 373, 87 S.W. 635 (1905)]. In this case, the trial court should not have referred to the prosecuting witness as the "victim," but from a review of the record it is clear that the court was simply attempting to identify her for purposes of questioning the jury panel as to whether or not they were acquainted with her. Certainly, the court could have referred to her as the alleged victim and that would not have been error. Under all the circumstances, we do not view that comment by the trial court as prejudicial even though the term should not have been used. *Penton* v. *State*, 194 Ark. 503, 109 S.W. 2d 131 (1937); *Newberry* v. *State*, 261 Ark. 648, 551 S.W. 2d 199 (1977).

In addition, we note that no objection was made at the time the court made the reference, and in fact the motion for mistrial came only after the jury had been selected and sworn. During the course of voir dire, the prosecuting attorney referred to the complaining witness as the "victim" and no objection was registered either at that time or in the motion for mistrial. If there was error, it was either waived or was harmless and therefore we affirm.

Affirmed.

Mayfield, C.J., and Glaze and Corbin, JJ., dissent.

DONALD L. CORBIN, Judge, dissenting. I must respectfully dissent to the majority's opinion. I think that the trial court should have granted a mistrial.

A trial judge should be circumspect in his language at all times for his position before the jury is one of great influence. *Williams* v. *State*, 174 Ark. 752, 2 S.W. 2d 36. The Supreme Court of Arkansas in *Sharp* v. *State*, 51 Ark. 147, 10 S.W. 228, in reversing a conviction for second degree murder, made clear the effect an unguarded remark by the trial judge could have upon a jury. The Court in *Sharp, supra*, quoted the following from *People* v. *Williams*, 17 Cal. 146:

> The word *victim* in the connection in which it appears, is an unguarded expression, calculated, though doubtless unintentionally, to create prejudice against the accused. It seems to assume that the deceased was wrongfully killed, when the very issue was as to the character of the killing. ... When the deceased is referred to as "victim," the impression is naturally created that some unlawful power or dominion had been exerted over his person. And it was nearly equivalent, in effect, to an expression characterizing the defendant as a criminal. The court should not, directly or indirectly, assume the guilt of the accused, nor employ equivocal phrases which may leave such an impression. The experience of every lawyer shows the readiness with which a jury frequently catch at intimations of the court, and the great deference which they pay to the opinions and suggestions of the presiding judge, especially in a closely balanced case, when they can thus shift the responsibility of a decision from themselves to the court. A word, a look, or a tone may, sometimes, in such cases, be of great or even controlling influence.

*Webster's Third International New Dictionary* explains "victim" as "prey, quarry: victim applies to anyone who suffers either as a result of ruthless design or incidentally or accidentally." *Black's Law Dictionary* (5th ed. 1979) defines victim as "the person who is the object of a

crime or tort, as the victim of a robbery is the person robbed."

The reflection of such remark on the credibility of the prosecuting witness is apparent. Given the inherent meaning of the word "victim" and the context in which it was used, leaves no doubt that, *although unintentionally*, the court intimated to the jury panel its opinion that the prosecuting witness had been wronged in some way. Because of public abhorrence to the type of offense with which defendant was charged and the natural sympathy given a young girl in the setting involved, the slightest intimation by the presiding judge that her testimony merits belief carries a great influence with the members of the jury.

The degree of influence a presiding judge possesses in regard to a jury is not diminished simply because evidence is yet to be presented.

I am afraid that the use of general knowledge and understanding by each juror would not reduce the effect of the utterance in question, especially when one takes into account that the word "victim" describes one who had been legally or morally wronged. The danger of the reference is that it might instill sympathy in the hearts and minds of the jury in favor of the prosecuting witness while in the same instance harden their senses against the accused.

Finally, I note that the majority has disregarded 100 years of existing case law.

Mayfield, C.J., and Glaze, J., join in this dissent.