Delbert ELLIS and Amos GREEN *v.*
STATE of Arkansas

CA CR 81-135                    628 S.W. 2d 871

Court of Appeals of Arkansas
Opinion delivered March 3, 1982
[Rehearing denied March 31, 1982.*]

*CORBIN and GLAZE, JJ., would grant the petition.

*McDaniel, Gott & Wells, P.A.,* by: *Phillip Wells,* for appellant Ellis.

*Andrew Fulkerson,* for appellant Green.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

LAWSON CLONINGER, Judge. Appellants Delbert Ellis and Amos Green were found guilty by jury verdict of conspiracy to commit arson. Appellant Ellis was assessed punishment of two years in prison, and appellant Green was sentenced to three years as an habitual offender.

Appellant Ellis contends that the trial court committed the following errors:

 1.  A mistrial should have been granted after Barney Ramer testified that he took a polygraph test.

 2.  A jury instruction on conspiracy to commit criminal mischief should have been submitted instead of an instruction on conspiracy to commit arson.

 3.  A motion to suppress evidence was improperly denied.

 4.  Cross examination of a police officer concerning a series of photographs should have been permitted.

Appellant Green joins appellant Ellis as to point 1, above, and also contends that the court erred in refusing to give an instruction on conspiracy to commit criminal

mischief in addition to the instruction on conspiracy to commit arson.

We find no reversible error and the judgments are affirmed.

The home owned by appellant Ellis was totally destroyed by fire about midnight on Sunday, July 21, 1980. Following an investigation into the cause of the fire, the state charged appellant Ellis with criminal mischief in the first degree and conspiracy to commit arson, alleging that, in a conspiracy with appellant Green, appellant Ellis purposely destroyed his own property for the purpose of collecting insurance. Appellant Green was charged with arson and conspiracy to commit arson.

At one point in the investigation, Barney Ramer was a suspect, but after giving a statement to the police, Ramer was not charged with any crime. He was a key witness in the trial of appellants, and appellant Green filed a motion in limine to exclude any reference to a polygraph test taken by Ramer. During an attempt by counsel for appellant Ellis to impeach Ramer, the following exchange took place:

Q. And after you gave your statement which is the same as it is here today —

A. That is correct.

Q. Nothing ever happened to you?

A. That is correct. I took a polygraph test.

The trial judge refused to grant appellants' motion for mistrial, but admonished the jury to completely and totally disregard the reference to a polygraph test. Ramer testified that the prosecuting attorney had instructed him not to mention the fact that he had taken a polygraph test, but that he had forgotten. The trial court ruled that the series of questions which preceded reference to the polygraph test were such that the witness's answer was not unresponsive and should have been anticipated by defense counsel, and we

agree. The question on appeal is whether the trial court abused its discretion in failing to grant a mistrial. A mistrial is an extreme remedy and should be utilized only as a last resort. *Bateman* v. *State*, 2 Ark. App. 339, 621 S.W. 2d 232 (1981).

In *Van Cleave* v. *State*, 268 Ark. 514, 598 S.W. 2d 65 (1980), it was held that, ordinarily, neither the defense nor the state may mention a polygraph test. However, considering the fact that the polygraph was mentioned twice by a witness, without objection, reference to the test by the prosecuting attorney in closing argument was not prejudicial error. In *Roleson* v. *State*, 272 Ark. 346, 614 S.W. 2d 656 (1981), the court recognized that any reference to a polygraph test in the absence of agreement or other justifiable circumstances would constitute error. In *Roleson* a witness testified that she had taken a polygraph test. Later, on cross examination, the witness made references to the test such as, "I can't answer the question without doing something the judge asked me not to do," and "I can't explain it because the judge won't let me." The court observed that "this situation is aggravated in that defense counsel tried to approach the bench to prevent any reference to the polygraph examination, but the court refused to hear the objection and the testimony came in immediately afterwards." In the instant case, the reference to the test was wholly spontaneous, not unresponsive to questions by appellant, made after the witness had been cautioned by the prosecuting attorney, and the reference was not repeated. Under the circumstances, the trial court did not abuse its discretion in refusing to grant a mistrial.

Ark. Stat. Ann. § 41-1902 (Repl. 1977), in pertinent part, defines arson as follows:

> Arson. (1) A person commits arson if he starts a fire or causes an explosion with the purpose of destroying or otherwise damaging: (a) an occupiable structure that is the property of another person . . .

Ark. Stat. Ann. § 41-1906 (Repl. 1977) defines criminal mischief as follows:

Criminal mischief in the first degree. (1) A person commits the offense of criminal mischief in the first degree if he purposely destroys or causes damage to: (a) any property of another; or (b) any property, whether his own or that of another person, for the purpose of collecting any insurance therefore.

Criminal conspiracy is defined in Ark. Stat. Ann. § 41-707 (Repl. 1977), as follows:

Criminal conspiracy. A person conspires to commit an offense if with the purpose of promoting or facilitating the commission of any criminal offense he: (1) agrees with another person or other persons: (a) that one or more of them will engage in conduct that constitutes that offense; or (b) that he will aid in the planning or commission of that criminal offense; and (2) he or another person with whom he conspires does any overt act in pursuance of that conspiracy.

Appellant Ellis contends that he cannot be convicted of conspiracy to commit an offense which he could not, by definition, commit himself; that since the structure destroyed was his own, he could not be convicted of arson; thus, the court should have instructed the jury on criminal mischief instead of arson. It is sufficient here to point out that § 41-707 (1) (a) provides that a person conspires to commit an offense if he agrees with another person that *one or more* of them will engage in conduct that constitutes that offense.

There is no error in the refusal by the trial court to give an instruction where there is no evidence to support the giving of the instruction. *Frederick* v. *State*, 258 Ark. 553, 528 S.W. 2d 362 (1975). There was no evidence upon which appellant Green might be found guilty of criminal mischief rather than arson. He either damaged an occupiable structure or he damaged no structure. There was no basis for his request for an instruction on criminal mischief in addition to an instruction on arson.

Rules of Criminal Procedure, Rule 16.2, provides in part:

Motions to suppress evidence.

(a) Objection to use in evidence of things seized shall be made by a motion to suppress evidence. The motion shall be made to the court which is to conduct the trial at which things seized may be offered into evidence.

(b) The motion to suppress shall be timely filed but not later than ten (10) days before the date set for the trial of the case, except that the court for good cause shown may entertain a motion to suppress at a later time.

The motion to suppress in the present case was filed four days before trial. The trial court found that the motion was not timely filed.

In *Parham v. State*, 262 Ark. 241, 555 S.W. 2d 943 (1977), the Arkansas Supreme Court affirmed the trial court's denial of a motion to suppress, when it was filed only a day or two before trial with no cause for delay, and this court held in *Dodson v. State*, 4 Ark. App. 1, 626 S.W. 2d 624 (1982) that a motion to suppress evidence filed six days before trial was not timely when appellant offered no good cause for the delay. The court, in this case, in the absence of good cause shown, properly denied appellant Ellis's motion to suppress.

A police officer called as a witness by the state testified that he observed a vehicle traveling at a high rate of speed near the home of appellant Ellis just before he observed the Ellis house on fire. The officer testified that he had seen appellant Ellis and another man in the same car a short time earlier; that he knew appellant Ellis's car, and recognized the car as belonging to appellant Ellis. On cross examination, counsel for appellant Ellis attempted to display a series of photographs to the officer which contained cars similar to the vehicle owned by appellant Ellis and owned by residents in the nearby radius of the Ellis house.

The trial court allowed appellant Ellis to make a proffer of testimony, but rejected his argument, ruling that the

testimony was not relevant to the issue, was unfair and improper, and would be confusing to the jury. The trial court's ruling was proper. The officer had testified that he had observed appellant in his vehicle at close range only a few minutes before the fire was discovered and he observed the fire approximately two minutes after observing the car the second time. Uniform Rules of Evidence, Rule 403, provides that, although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Appellant cites no Arkansas law as authority for his proposition and his argument is not persuasive.

Affirmed.

COOPER, J., concurs.

CORBIN and GLAZE, JJ., dissent.

DONALD L. CORBIN, Judge, dissenting. I must respectfully dissent from the majority's conclusion that this case should be affirmed. In *Roleson v. State,* 272 Ark. 346, 614 S.W. 2d 656 (1981), the Arkansas Supreme Court found error where there was reference to a polygraph test by a key witness for the prosecution. The Court in *Roleson v. State, supra,* stated the following:

> Cecellia's counsel properly cites *Gardner v. State,* 263 Ark. 739, 569 S.W. 2d 74 (1978) for the rule that the results of polygraph tests are inadmissible in criminal cases. And it is recognized that any reference to a polygraph test in the absence of agreement or other justifiable circumstances would constitute error. *Van Cleave v. State,* 268 Ark. 514 (1980).

In *Van Cleave v. State,* 268 Ark. 514, 598 S.W. 2d 65 (1980), the Arkansas Supreme Court stated the following on this issue.

> All parties agreed that the settled rule in Arkansas is that the results of polygraph tests are not admissible in criminal cases in the absence of mutual agreement.

*Gardner* v. *State,* 263 Ark. 739 at 756, 569 S.W. 2d 74 (1978). Although we have not had previous occasion to determine whether a reference to a polygraph test is permissible, we note the case of *Johnson* v. *Florida,* 166 So. 2d 798 (1964), that neither the results of a polygraph examination nor any allusion to such examination are proper subjects of comment. This is understandable because, whether it was the state or the defense that made the reference to the person taking the test, it would be an obvious attempt to put before the jury the fact that he had taken the test and failed or passed.

This decision seems to foreclose the opportunity for impeachment by defense counsel where the prosecution's key witness has taken a polygraph test. I would reverse and remand for a new trial.

GLAZE, J., joins in this dissent.