Frederick RIDEOUT *v.* STATE of Arkansas

CA CR 87-48 737 S.W.2d 667

Court of Appeals of Arkansas
Division I
Opinion delivered October 14, 1987

210

*John Wesley Hall, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

BETH GLADDEN COULSON, Judge. The appellant, Frederick Rideout, was convicted of driving while intoxicated. His drivers license was suspended for a period of 90 days, and he was fined $150.00 plus costs and sentenced to 24 hours already served in jail. On appeal, it is argued that the trial court erred in finding that the arresting officer had sufficient probable cause to arrest the appellant for DWI. We find no error and affirm.

At trial, the arresting officer testified that on October 13, 1985, at approximately 2:21 a.m., he was traveling westbound on Interstate 40 when his radar clocked the appellant's vehicle doing 74 miles per hour in a 55 mile per hour zone. The officer also observed the appellant's vehicle drive several feet off the main road onto the shoulder before returning to the roadway. The officer stopped the appellant and noticed a moderate odor of alcohol about the appellant's person. The officer administered various field sobriety tests, which the appellant failed, and then arrested the appellant for speeding and for DWI. The officer testified that in his opinion the appellant was driving under the influence of intoxicants. A breathalyzer test was later administered, and the appellant registered 0.13%.

At no time had the appellant moved to suppress the results of the breathalyzer test nor had he objected to this evidence when introduced. At the close of all the evidence, the appellant moved for a judgment of acquittal based upon a lack of probable cause for the arrest. This appeal was prompted by the trial judge's comment that he found probable cause by virtue of the justifiable stop for speeding and the officer's detection of the odor of alcohol on the appellant's person, but that he attached no value to the results of the field sobriety tests. We decline to reach the merits of the issue raised by the appellant because the issue was not

properly presented to the trial court.

 The appellant's motion for a judgment of acquittal based on lack of probable cause was in reality a motion to suppress the evidence coupled with a motion for a directed verdict. *Holt* v. *State*, 15 Ark. App. 269, 692 S.W.2d 265 (1985). Our decision in *Holt* makes clear that defendants should pursue the issue of probable cause under Rule 16.2 of the Arkansas Rules of Criminal Procedure by timely filing a motion to suppress the evidence obtained as a result of the allegedly unlawful arrest. Under Rule 16.2(b), that motion must be filed no later than 10 days before trial, except that the trial court has the discretion to allow a later motion to suppress on a showing of good cause. The appellant, as was the case in *Holt*, failed to timely file his motion to suppress, made no attempt to demonstrate good cause for waiting until the close of all the evidence, and failed to object to the introduction of the evidence which resulted in his conviction.

██ Rule 16.2(b) is reasonable and should be complied with in the absence of good cause. "The rule facilitates the orderly procedure of the trial court, and gives the court and the parties an opportunity to study preliminary issues before the trial proper and perhaps dispenses with the necessity for a trial." *Dodson* v. *State*, 4 Ark. App. 1, 5, 626 S.W.2d 624, 626, *cert. denied*, 457 U.S. 1136 (1982). We hold that the attempt to suppress the evidence was not timely and need not have been considered by the trial judge. *Holt, supra.*

 Having viewed the appellant's motion for a judgment of acquittal as a combined motion—to suppress and for a directed verdict—we test the sufficiency of the evidence to support the conviction. We view the evidence in the light most favorable to the State and affirm if there is substantial evidence to support the verdict. In light of the officer's testimony and the results of the breathalyzer test, we find substantial evidence to support the appellant's conviction for DWI.

Affirmed.

CORBIN, C.J., and JENNINGS, J., agree.