Charla Fell YANDELL *v.* STATE of Arkansas

CR 77-51                                        555 S.W. 2d 561

Opinion delivered September 12, 1977
(Division I)
[Rehearing denied October 17, 1977.]

*E. L. Holloway,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

Darrell Hickman, Justice. Charla Fell Yandell was charged in Clay County Circuit Court with the second degree murder of her infant seventeen month old boy. She was convicted of voluntary manslaughter and sentenced to seven years imprisonment in the state penitentiary.

Mrs. Yandell alleges four errors on appeal, but essentially they amount to two: the facts did not warrant nor will they support her conviction; and a doctor from Mexico, unlicensed in the United States, was permitted erroneously to give expert medical testimony.

We find no error in the record.

Mrs. Yandell persisted in her innocence before and during trial. She claimed the boy fell accidentally from the kitchen table, striking his head; and, also, in falling dragged off on top of him, a typewriter, which was on the table. She denied ever beating the child, except blows she may have rendered in efforts to revive him. It was her contention that his unconscious state and subsequent death, three days later, were caused by the accidental fall. Mrs. Yandell was the only eyewitness to the incident.

The main argument of Mrs. Yandell on appeal is there

was not sufficient evidence to warrant or support her conviction. We find on review the evidence, circumstantial in nature, was sufficient to warrant and support her conviction.

There were several witnesses who testified; however, the most damaging evidence against Mrs. Yandell was the testimony of two doctors — a doctor in Corning and a resident neurosurgeon in Memphis. The doctor in Corning examined the child and immediately sent him to a hospital in Jonesboro. He was examined there and transferred to a Memphis hospital where he was treated by the resident in neurosurgery. These doctors testified the child suffered from a brain concussion. They both were of the opinion the child had been physically abused. Both ordered photographs of the boy's body after their initial examinations. The photographs graphically corroborated their opinions that the child had old bruises inflicted before the fall. Mrs. Yandell denied she had ever beat or struck the child. She explained the bruises on the back and lower extremity of the child were the result of her efforts to revive the child or were caused by accidental bumps or falls prior to the fatal injury. Evidently the jury chose to disbelieve Mrs. Yandell's story.

Direct evidence only is not necessary for one to be convicted. Circumstantial evidence can present a question for the jury and be the basis to support a conviction. *Upton* v. *State,* 257 Ark. 424, 516 S.W. 2d 904 (1974). There is ample evidence in the record, regardless of the consistent denial of child abuse by Mrs. Yandell, to support the finding of the jury that Mrs. Yandell caused the death of her child.

The appellant also alleges as error that one of the doctors, the resident, improperly testified as an expert medical witness. Her objection is that he was a Mexican, unlicensed in any of these United States, and, therefore, not qualified to give expert medical testimony. The witness was a senior resident in neurosurgery at the hospital where the infant was taken and treated. Three days later the infant died in the hospital never regaining consciousness. The resident was the attending physician.

The objection to the resident's deposition was made in

the form of an oral declaration by counsel for Mrs. Yandell that a motion to suppress the deposition would be filed. The parties went into chambers and the record is silent as to any further objection by counsel. There was no specific objection made during the trial as to the lack of qualifications of the resident to give expert testimony. Even so, such a bare objection has no merit. Expert testimony may be given by individuals qualified by experience, knowledge or know-how. See *Dorr, Gray & Johnston* v. *Headstream*, 173 Ark. 1104, 295 S.W. 16 (1927). A degree, title or license is handy but no guarantee of expert qualification. A trial court decides, with discretion, whether a particular witness is qualified. See *Smith v. State*, 258 Ark. 601, 528 S.W. 2d 389 (1975). We find no error in the action of the trial court in permitting the resident, although unlicensed in any state, to testify.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and ROY, JJ.