Mark Dewayne LINGO *v.* STATE of Arkansas

CR 80-193                                          610 S.W. 2d 580

Supreme Court of Arkansas
Opinion delivered January 26, 1981

*E. Alvin Schay*, State Appellate Defender, by: *Ray Harten-stein*, Chief Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Arnold M. Jochums*, Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. The appellant was tried before a jury on January 8, 1980, for the offense of theft of property in violation of Ark. Stat. Ann. § 41-2203 (Repl. 1977). The jury returned a verdict of guilty and set his sentence at two years with the recommendation that one year be suspended. The court then allowed the state to present evidence of two prior felony convictions over the strenuous objection of the appellant's counsel. The court sentenced the appellant to two years with no part to be suspended.

On appeal the appellant argues that the court improperly sentenced him to serve two years rather than submitting the issue to the jury. We disagree with the appellant for reasons which will be subsequently stated. Therefore, the court was not in error in sentencing appellant to serve two years without any part being suspended.

The facts are not in dispute. We are concerned only with the question of whether the court properly applied the law in this particular factual situation.

There are three statutes involved in the argument presented in this appeal. Ark. Stat. Ann. § 41-803 (Repl. 1977) provides that a defendant convicted of any offense other than capital murder may be sentenced to pay a fine as authorized by Ark. Stat. Ann. § 41-1101 et seq. (Repl. 1977), or to imprisonment as authorized by Ark. Stat. Ann. § 41-901 et seq. (Repl. 1977), or Ark. Stat. Ann. § 41-1001 et seq. (Repl. 1977). Since appellant has relied to a great extent on two statutes, they will be set out below:

Ark. Stat. Ann. § 41-1005 (Repl. 1977). The following procedure shall govern trials at which a sentence to an extended term of imprisonment is sought pursuant to Section 1001 (§ 41-1001):

(1) The jury shall first hear all evidence relevant to the felony with which defendant is currently charged and shall retire to reach a verdict of guilty or innocence on this charge.

(2) If the defendant is found guilty of the felony, the same jury shall sit again and hear evidence of the defendant's previous felony convictions or previous findings of the defendant's guilt of felonies. Defendant shall have the right to hear and controvert such evidence and to offer evidence in his support.

(3) The jury shall retire again, and if it finds that the defendant has previously been convicted of or found guilty of two (2) or more felonies, the jury shall consider the previous convictions or findings of guilty in determining

the sentence to be imposed for the felony of which the defendant currently stands convicted.

The other statute mentioned by appellant is Ark. Stat. Ann. § 41-1201 (1) (Repl. 1977):

(1) If a defendant pleads or is found guilty of an offense other than capital murder, murder in the first degree, murder in the second degree, first degree rape, kidnapping or aggravated robbery, the court may suspend imposition of sentence or place defendant on probation. The court shall not suspend imposition of sentence or place a defendant on probation if it is determined, pursuant to Section 1005 (§ 41-1005), that the defendant has previously been convicted of two (2) or more felonies. In making a determination as to suspension or probation, the court shall consider whether:

(a) there is undue risk that during the period of a suspension or probation the defendant will commit another offense; or

(b) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or

(c) suspension or probation will discount the seriousness of the defendant's offense; or

* * *

Appellant agrees that a jury's recommendation of a suspended sentence is advisory only and whether a recommended suspension should be followed is discretionary with the trial court. *Tucker* v. *State*, 248 Ark. 979, 455 S.W. 2d 888 (1970). Appellant also correctly argues that the legislature has determined that a defendant has the right to a jury's determination of the factual issue as to the existence of prior felonies committed by him before such prior felonies can be used to enhance his punishment pursuant to Ark. Stat. Ann. § 41-1001 (Repl. 1977). Up to this point we are in agreement with appellant's argument. However, he continues to argue

that Ark. Stat. Ann. § 41-1001 requires a jury determination of the existence of the felonies before the court may place him on probation or suspend imposition of sentence. He argues that this statute is controlling over the language set out in Ark. Stat. Ann. § 41-803 (4) and Ark. Stat. Ann. § 41-1201 (1). We do not agree with this interpretation of these statutes.

Appellant was not charged under the habitual criminal act. Neither was he sentenced pursuant to such act. Therefore, this case could well be decided without even mentioning Ark. Stat. Ann. § 41-1001 through 41-1005.

The appellant is certainly correct in arguing that the jury must consider the factual situation but such is the case only when the accused is charged as a habitual criminal. In the case before us appellant was not charged as a habitual criminal. He was charged only with theft of property pursuant to Ark. Stat. Ann. § 41-2203. The sentence for such .coviction would be from two to ten years. The jury set the sentence at the minimum and recommended that one year be suspended. This is where Ark. Stat. Ann. § 41-1201 comes into play. This statute makes it mandatory that the trial court consider whether there is undue risk that the defendant will commit another offense or whether time in the Department of Correction would be beneficial in his case or whether suspension would discount the seriousness of the offense. There are other matters to be considered by the court, but we deem it unnecessary to cite them. Acting pursuant to this statute, the court properly considered the other criminal acts.

During the sentencing phase of the trial, which was conducted by the court, the jury remained seated and listened to all the testimony. Although it was not necessary for the court to keep the jury there, it was no doubt the court's idea to utilize this method in explaining why the court was not following their recommendation. The court had the statutory right to consider the conduct of the defendant, including prior convictions, in deciding whether to suspend any of the sentence. *Gardner* v. *State*, 263 Ark. 739, 569 S.W. 2d 74 (1978), cert. denied 440 U.S. 911.

The appellant has relied upon *Clinkscale* v. *State, 269 Ark.*

324, 602 S.W. 2d 618 (1980); *Cotton* v. *State*, 256 Ark. 527, 508 S.W. 2d 738 (1974); and several other cases to support the proposition that the court committed prejudicial error by considering the prior felony convictions which had not been mentioned until the close of the trial. In *Clinkscale* the appellant was charged as a habitual offender. In *Cotton* the court simply added seven years to the sentence the jury had imposed. Perhaps the appellant relies most strongly on the case of *Wilburn* v. *State*, 253 Ark. 608, 487 S.W. 2d 600 (1972). Wilburn was charged and sentenced as a third offender pursuant to the Arkansas statute in effect at the time, which was Ark. Stat. Ann. § 43-2328 (Supp. 1971). The real question in *Wilburn* was the weight given by the jury to prior convictions. We do not think *Wilburn* is proper authority for the argument presented in this case. Therefore, we hold that the trial court acted in a manner consistent with the governing statutes and did not commit error.

Affirmed.