Johnny Eugene JOHNSON *v.* STATE of Arkansas

CR 81-71                                  623 S.W. 2d 831

Supreme Court of Arkansas
Opinion delivered November 16, 1981

*Thomas M. Carpenter,* of *Lessenberry & Carpenter,* and *Richard E. Holiman,* for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. Appellant was charged with the crimes of arson and first degree murder following a fire at a Little Rock rooming house resulting in the death of one of the occupants. The jury's verdict acquitted him of the charge of murder but convicted him of arson, imposing a sentence of 10 years imprisonment with a recommendation of leniency. On appeal he raises a single issue: whether he can be convicted of arson and acquitted of murder where the offenses arise out of the same conduct. We affirm the judgment on the sentence.

Appellant contends that, by inference, Ark. Stat. Ann. § 41-105 (1) (a) (Repl. 1977) prohibits his conviction of the lesser included offense of arson where he has been acquitted of the greater offense of first degree murder. We find no merit to this contention.

Ark. Stat. Ann. § 41-105 (1) (a) (Repl. 1977) provides:

When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
(a) one offense is included in the other, as defined in subsection (2);

Subsection (2) provides:

A defendant may be convicted of one offense included in another offense with which he is charged. An offense is so included if:

(a) it is established by proof of the same or less than all the elements required to establish the commission of the offense charged; . . .

The appellant has been convicted of only one offense — arson. Section 41-105 (1) (a) only prohibits two convictions where one offense is included in another and, therefore, his conviction of a single offense, the lesser one, is not in violation of the statute.

Appellant relies on *Swaite* v. *State*, 272 Ark. 128, 612 S.W. 2d 307 (1981), for the proposition that when a person is acquitted of the greater offense which necessarily includes a lesser offense as an element, then acquittal is required on the lesser offense. This reliance is misplaced.

In *Swaite* there were convictions of both the greater and lesser offenses arising from the same conduct and we held that under § 41-105 conviction of the lesser offense must be set aside. Unlike *Swaite*, the present case involves a single conviction. We disagree with the argument that an acquittal of the murder charge was dispositive of the arson charge. The first degree murder charge required proof that appellant committed arson *and* in the course of and in furtherance of that crime caused the death of a person "under circumstances manifesting extreme indifference to the value of human life." In this case arson was one of the elements of proof necessary to find appellant guilty of first degree murder. It may be that the jury found the death did not result from "circumstances manifesting an extreme indifference to the value of human life," or simply chose not to convict on that charge for reasons not apparent in the record. Whatever may be said of that, we find no inconsistency in the verdicts as appellant contends.

Appellant argues under authority of *Turner* v. *Arkansas*, 407 U.S. 366 (1972), the arson conviction violates the constitutional protection against double jeopardy. The cases are distinguishable. In *Turner* the defendant was

charged with murder in the course of a robbery and acquitted. Later he was tried for robbery and convicted. The United States Supreme Court reversed, holding the state is collaterally estopped from relitigating those issues already resolved in the defendant's favor at the murder trial since that determination made his conviction on the robbery charge a logical impossibility. In the present case the acquittal of first degree murder and the conviction of arson are in a single prosecution and are neither illogical nor inconsistent. Appellant has cited no case in which the Fifth Amendment protection against double jeopardy has been extended to cases where all the issues are resolved in one trial resulting in one conviction. We cannot perceive how in a single trial an accused could be said to be in jeopardy twice from but a single conviction.

Finally, appellant points out that the trial court disregarded the jury's recommendation of leniency by requiring the appellant to serve one-third of his sentence before becoming eligible for parole. But jury recommendations are advisory only and are not binding on the trial judge. *Lingo v. State,* 271 Ark. 776, 610 S.W. 2d 580 (1981); *Tucker v. State,* 248 Ark. 979, 455 S.W. 2d 888 (1970). We find no abuse of discretion.

Affirmed.