Mary Joyce FISK *v.* STATE of Arkansas

CA CR 81-140                                    631 S.W.2d 626

Court of Appeals of Arkansas
Opinion delivered April 21, 1982
[Rehearing denied May 26, 1982.]

*R. David Lewis,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Appellant Mary Joyce Fisk appeals from her conviction on three counts of delivery of a controlled substance for which she was sentenced to a fine of $500, three years and a day, and a consecutive three years, respectively. She advances eleven separate points for reversal. We find no merit in any of these and affirm. Only those facts necessary to an understanding of our decision will be recited.

*Count 1:* On December 14, 1980 undercover narcotics agents went to appellant's home, at which address they had previously purchased marijuana from another person. The appellant met them at the door and informed them that the person they were seeking had left town, but she proceeded to sell the agents the marijuana in exchange for money. At trial appellant admitted she delivered the contraband and received money in exchange.

*Count 2:* On January 12, 1981 the agents again contacted appellant stating that they wanted "something for a party." Appellant brought them a tray of controlled substances from which they selected some, paying appellant for it. At trial she admitted making this sale.

*Count 3:* The agents testified that also on January 12 they asked appellant about getting some "pounds of marijuana and other contraband." She said that she would try to arrange it and would contact them later. Over a two week period the agents and appellant were in constant contact, negotiating for sale and delivery of the "pounds." On February 3rd the agents talked again with appellant, discussing the sale of 22-1/2 pounds of marijuana and some other contraband for approximately $12,000 and arranging a place to meet to examine samples. The next day appellant met the agents and drove with them to a secluded place where she produced and they examined three bags of marijuana which were samples of the larger quantity. Appellant ascertained that the agents had the cash and phoned C. J. Perme locally to tell him she had "seen the money" and to arrange a place for examination of the 22-1/2 pounds. After this meeting, being satisfied that the agents had the cash and appellant and Perme had the marijuana, the parties agreed, on appellant's suggestion, to complete the sale at her home. Perme left to get the rest of the marijuana and appellant and the agents returned to their motel to pick up the "flash money."

The appellant insisted that the money be divided before the sale at her home. The agents gave her the $12,000. She put $6,000 in an envelope which she marked "J" and put this in her purse. She put the balance in an envelope marked "CJ" which the agent placed in his pocket for delivery to Perme. Appellant invited the agents into her house, where Perme was already waiting. The 22-1/2 pounds of marijuana were brought to the agents in appellant's bedroom where they had been invited to wait. At this point appellant and Perme were placed under arrest. Coincident to the arrest the officers searched appellant's purse for weapons and found additional marijuana. Pursuant to a proper warrant officers searched her vehicle the next morning and found the samples of marijuana along with a can containing marijuana located in the glove compartment. Appellant admitted at trial that the agents' testimony was "basically" correct.

8

## POINT I

Appellant first contends that the trial court erred in excusing a juror for cause. During voir dire the prosecuting attorney asked a prospective juror if she could consider the full range of penalties, including imprisonment, if she were a juror. The woman responded that there was a possibility that she could not consider sending anyone to the penitentiary for a crime of this sort. She was then asked if she was stating that she would not be able to do so in this case. Upon her response that she did not know and had a question in her mind about it, she was excused for cause.

Appellant argues that this permitted the prosecution to seat a jury already committed to imprisonment, relying on *Haynes* v. *State,* 270 Ark. 685, 606 S.W. 2d 563 (1980). In *Haynes* the court found error in a pattern of questions and selection of jurors which would have seated a jury obligated in advance to consider imposing the maximum sentence. They were not chosen on their commitment to consider the whole range of penalties as the law requires. In the case at bar the prospective juror was asked whether she could consider the full range of penalties, which included prison. We find no merit to this contention.

## POINT II

Appellant next asserts that the court erred in permitting the prosecuting attorney to tell the jury during voir dire that he represented the people of the state. Appellant objected to the following:

MR. WEBB: Can you sit and be impartial to the defendant and to the people of this state, who I represent, in deciding the issues?

The appellant cites no authority in support of her position and we find none. Assignment of error by counsel in briefs unsupported by convincing argument or authority will not be considered on appeal unless it is apparent without further research that the assignments of error are well taken. *Dixon* v. *State,* 260 Ark. 857, 545 S.W. 2d 606 (1977). The prose-

cuting attorney is elected to represent the state in criminal prosecutions. We find no error.

## POINT III

Appellant also contends that the trial court erred in admitting into evidence the affidavit and warrant issued for the search of appellant's car, the testimony concerning the results of the laboratory test made on the contraband, and oral statements made by appellant, since these were not supplied in response to a proper motion for discovery.

We do not construe the motion for discovery as asking for copies of the affidavit and search warrant. It merely asks for information about "specific searches and seizures." The prosecuting attorney answered that "an affidavit for search warrant and search warrant were issued on 2/4/81." These documents are required to be filed and are available as public records. Even if the request for discovery could be construed as asking more than whether such warrants had been issued, we find no prejudice to the appellant. At the time these two documents were offered as evidence, defense counsel asked to examine them stating that this was the first time he had seen them. The prosecuting attorney asked if there were any objections to their being introduced:

THE COURT: The Court hears none.

MR. LEWIS: I don't want to waive any objection. If I find an objection later on I will make it known to the court.

While the assertion that the prosecuting attorney failed to apprise the appellant on discovery of the oral statements made by appellant and co-defendants might be of a serious nature, it is required that prejudice be shown from a failure to make proper discovery answers. *Earl* v. *State,* 272 Ark. 5, 612 S.W. 2d 98 (1981). Appellant only asserts that there were oral statements used at trial of which she had not been made aware. Although many statements attributable to her are scattered throughout the record, appellant does not point out to us which statements she finds objectionable, that a

proper objection to them was made, or that she was prejudiced by them. Absent convincing argument or citation of authority we find no merit to this contention. *Dixon* v. *State,* supra.

In response to defense counsel's motion for discovery of "any reports or statements of experts," the prosecuting attorney furnished the name and address of the expert who would be called to testify about the laboratory tests. Prior to trial the prosecuting attorney made his entire file available to defense counsel who did examine it. He was also told that if he needed more information he need only ask. The lab report showed only that the samples tested were in fact marijuana. The lab technician who was named in response to the discovery motion was called as a witness at trial and was made subject to cross-examination. We find no prejudice and agree with the trial judge that there could be no surprise to counsel in a marijuana case to find a lab report verifying contraband as marijuana. The trial court is not required under Rule 19.7, Arkansas Rules of Criminal Procedure (Repl. 1977), to comply with discovery procedures unless there is a likelihood that prejudice will result. We find no error.

## POINTS IV, V, VII AND XI

The appellant's points for reversal numbered IV, V, VII and XI assert that the trial court erred in failing to suppress certain evidentiary matters as being the fruit of warrantless search or in violation of appellant's *Miranda* rights. As the basis for our ruling on these is the same, we combine them here.

The record reflects that shortly after her arrest the appellant entered a plea of guilty and thereafter moved, and was permitted, to withdraw that plea on June 5, 1981. On that same day the court set the case for trial on June 23, 1981, and advised counsel that all motions must be filed by June 16th and a hearing on those motions was set for June 19th. On June 19th no motion to suppress evidence had been filed. It was filed that afternoon but was not brought to the court's attention until the morning set for trial while the jury was

waiting in the courtroom. The court denied the motion as being untimely filed, brought to his attention too late for an evidentiary hearing or an intelligent ruling without unduly delaying the progress of the trial. We find no error.

A motion to suppress evidence must be filed not later than ten days before the trial date unless the court, for good cause, entertains the motion at a later time. Rule 16.2, Rules of Criminal Procedure (Repl. 1977). In this case the motion was not timely filed and no evidence of cause for delayed filing was offered. On overruling the motion the court granted a request that appellant be permitted to submit a brief in support of the motion at a later date. No such brief was filed. The trial court correctly denied the motion because it was filed too late. *Jackson* v. *State,* 266 Ark. 754, 585 S.W. 2d 367 (1979); *Burnett* v. *State,* 263 Ark. 225, 564 S.W. 2d 211 (1978); *Parham* v. *State,* 262 Ark. 241, 555 S.W. 2d 943 (1977). Notwithstanding the issue of timeliness of the motion, we have considered the points advanced by appellant in support of the motion and find them to be without merit.

## POINT VI

Appellant contends the court erred in allowing testimony about drug sales for which she was not charged as admitted solely for the purpose of showing the likelihood that appellant committed the offenses charged due to her bad character.

One of the undercover agents testified that he had previously bought some marijuana at appellant's residence from a J. P. Forsythe. No objection was made to this testimony. When the officer was asked why he went to that address he answered that he had talked to Forsythe before going to the house. Defense counsel objected to this as hearsay, and the court properly ruled that the testimony was not offered to prove the truth of the matter but to show why the officer went to appellant's house in the first place.

While numerous statements were made regarding narcotics purchases made from appellant for which she was not

charged, the appellant does not point out in her argument where objections on the ground she now argues on appeal were made at the trial level. We find no merit to this contention. *Dixon* v. *State,* supra.

## POINT VIII

Appellant argues that the trial court erred in refusing to instruct the jury on lesser included offenses, in particular that of possession of a controlled substance. In support of her position appellant makes no argument but simply refers us to *Glover* v. *State,* 273 Ark. 376, 619 S.W. 2d 629 (1981). In *Glover* the Supreme Court held that the crime of possession of a controlled substance is a lesser included offense of the larger crime of delivery. It does not hold that the trial court is required as a matter of law to instruct on that point except in appropriate cases. *Glover* cites with approval *Caton & Headley* v. *State,* 252 Ark. 420, 479 S.W. 2d 537 (1972) in which it was stated that the court so zealously protects the rights of an accused to have the jury instructed on lesser offenses that it has even held it to be reversible error to refuse to give an instructed verdict of a lesser included offense *in a proper case* even though the accused objects. Where there is testimony on which the defendant might be found guilty of a lesser rather than the greater offense the instruction must be given. *Caton & Headley* also holds that it is not error for the court to fail to instruct on the lower offense where the evidence clearly shows that the defendant is either guilty of the greater offense charged or is innocent. *Gilchrist* v. *State,* 241 Ark. 561, 409 S.W. 2d 329 (1966).

As to counts 1 and 2 the evidence shows that the agreed purchase price was delivered by the agents to appellant in exchange for her delivery of the contraband. Appellant admitted she sold the drugs in exchange for money in her testimony. She never contended that she merely possessed the drugs. On this evidence reasonable minds could not have found her guilty of mere possession.

On count 3 the record shows that at one meeting between appellant and the agents appellant accepted the agreed on $12,000 from the agents, dividing the money into

two equal packets and retaining her half. After the money passed hands she then accompanied the agents to her home where she had invited them to accept delivery of the marijuana and where delivery was made in her bedroom. The elements of delivery of a controlled substance, for which appellant was charged and convicted, consists of proof of delivery of the substance and proof of exchange of money or other things of value. On this evidence the jury could not have found her guilty merely of possession. It had to find her guilty of delivery of the controlled substance or find her innocent. In *Glover*, supra, there was evidence from which a jury might have found that there was no exchange of money. Here there is no question that the money was exchanged. We find no error.

Appellant argues the court also erred in refusing to instruct the jury on criminal attempt and criminal solicitation as lesser included offenses. Criminal solicitation and criminal attempt are not lesser included offenses under delivery of a controlled substance. They are separate crimes of which appellant was not charged.

### POINT X

Appellant contends the court erred in imposing consecutive rather than concurrent sentences and in not suspending or probating part of the sentences. She argues that, due to a stated policy of the court not to alter a jury verdict, the appellant was penalized in exercising her right to a jury trial in contravention of her constitutional rights as interpreted in *United States* v. *Jackson*, 390 U.S. 570, 88 S. Ct. 1209, 20 L. Ed. 2d 138 (1968). The trial court did not state that he followed such a policy. At the commencement of the trial counsel asked the court what his feeling would be towards suspending a sentence if the jury were to "give her time":

MR. LEWIS: Does the court have any rule if there is jury imposed time, does the court suspend any of it?

THE COURT: I rarely alter a jury decision. I think I have done it once or twice in two and a half years . . .

unless I feel it is out of proportion.

The court further indicated that if the matter were presented to him on plea or trial to the court he would consider suspending some time if appropriate.

A criminal defendant has no right to a suspended sentence or to have his sentences run concurrently. These are matters which are entrusted to the sound discretion of the trial court. *Lingo* v. *State,* 271 Ark. 776, 610 S.W. 2d 580 (1981); *Swaite & Swaite* v. *State,* 272 Ark. 128, 612 S.W. 2d 307 (1981). In sentencing the trial judge is required to exercise his judgment. It is the mechanical imposition of the same sentence in every case which *Jackson,* supra, condemns, and we find nothing to indicate that the court here mechanically imposed a sentence without exercising his discretion.

Affirmed.

GLAZE and CORBIN, JJ., dissent.