Tommy MASON *v.* STATE of Arkansas

CR 84-217                              688 S.W.2d 299

Supreme Court of Arkansas
Opinion delivered April 29, 1985

*Paul Johnson,* for appellant.

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Tommy Mason contends on appeal that his conviction of first degree murder with a sentence of life imprisonment must be reversed because of insufficient evidence. We disagree.

The test for determining the sufficiency of the evidence is whether there is substantial evidence to support the verdict. Substantial evidence must be forceful enough to compel a conclusion one way or another beyond suspicion and conjecture, *Perry* v. *State*, 277 Ark. 357, 642 S.W.2d 865 (1982), and circumstantial evidence can present a question for the jury and provide the basis to support a conviction. *Yandell* v. *State*, 262 Ark. 195, 555 S.W.2d 561 (1977).

Some four months before the dismembered remains of Elbert Jones were found, Jones was last seen getting into Mason's car. By Mason's account, the two men argued over Elaine Grandy, Jones's girlfriend, Mason's former girl-friend. As they fought in the front seat of the car Mason reached under the seat for a pistol and in the struggle the pistol went off, striking Jones in the left temple. Afraid to report the incident, Mason cut off Jones's head, arms and legs and deposited the parts in different places. He later retrieved the head and smashed it into pieces small enough to be disposed of indiscriminately.

Mason submits there was no proof the shooting was deliberate. There was proof that on the day Jones disappeared Mason was looking for him, and had asked several people where Jones might be. When Jones was told Mason was looking for him he said he would meet Mason to show him he was not afraid of him.

Elaine Grandy testified that she had gone with Mason for about two years. She described him as jealous. She said he would choke her when he was angry and had told her if she ever broke up with him he would do something to her and no one would ever find her again. She tried to end the relationship because Mason was seeing another woman and she started going with Elbert Jones. She said Mason tried to continue the relationship but she refused.

We find the evidence enough to support the conviction. The jury could have inferred the shooting was deliberate. Mason wanted Elaine Grandy to be his girlfriend again; he sought Jones out, concealing a loaded pistol under the driver's seat. Even by Mason's version the jury could have concluded from the case as a whole that Mason drew the pistol, not to defend himself, but to kill Jones. Other circumstances point to that conclusion. After his arrest, Mason escaped but was recaptured. We have consistently held that flight to avoid arrest or trial is admissible as a circumstance in corroboration of evidence tending to establish guilt. *Norton* v. *State,* 271 Ark. 451, 609 S.W.2d 1 (1980); *Smith* v. *State,* 218 Ark. 725, 238 S.W.2d 649 (1951); *Stevens* v. *State,* 143 Ark. 618, 221 S.W. 186 (1920).

Too, Mason denied having seen Jones on the day Jones disappeared, both to the police and to Jones's relatives. Though Mason claimed Jones came looking for him, there was proof it was Mason who sought out Jones, whom he did not know. Even the macabre method of disposing of Jones's body suggests more than the mere fear of discovery, particularly in light of the comment to Elaine Grandy that if she ever tried to break up with Mason no one would ever find her again. When the evidence is viewed most favorably to the state, the proof creates a permissible inference that Jones's death was the result of a deliberate act.

> Premeditation and deliberation and intent may all be inferred from the circumstances, such as the character of the weapon used, the manner in which it was used, the nature, extent and location of the wounds inflicted, the conduct of the accused and the like. *McLemore* v. *State,* 274 Ark. 527, 626 S.W.2d 364 (1982).

We have examined all other objections made during the trial pursuant to Rule 11(f), Rules of the Supreme Court, Ark. Stat. Ann. Vol. 3A (Repl. 1977) and find no error. See *Earl* v. *State,* 272 Ark. 5, 612 S.W.2d 98 (1981).

The judgment is affirmed.