Kenneth Ray IRVIN *v.* STATE of Arkansas

CA CR 88-252 771 S.W.2d 26

Court of Appeals of Arkansas
Division I
Opinion delivered May 17, 1989
[Rehearing denied June 14, 1989.]

8

*William C. McArthur*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Desha County Circuit Court. Appellant, Kenneth Ray Irvin, appeals his conviction of murder in the second degree. We find no error and affirm.

A felony information was filed charging appellant with murder in the first degree, a violation of Arkansas Code Annotated Section 5-10-102 (Supp. 1987). A jury trial was held in which appellant was found guilty on the reduced charge of murder in the second degree in violation of Arkansas Code Annotated Section 5-10-103 (1987) and was sentenced to twenty years in the Arkansas Department of Correction and was to pay restitution in the amount of $7,000.00. From the conviction comes this appeal.

Appellant asserts eight points for reversal; however, we will address his challenge to the sufficiency of the evidence prior to considering any alleged trial error as required by *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984).

I.

THE EVIDENCE IS INSUFFICIENT TO SUPPORT THE VERDICT.

The court must consider all evidence, including any which may have been inadmissible, in the light most favorable to the appellee and affirm if there is substantial evidence to support the verdict. *Id.* Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable and material certainty, compel a conclusion one way or the other without resorting to speculation or conjecture. *Phillips* v. *State*, 17 Ark. App. 86, 703 S.W.2d 471 (1986).

Viewed in the light most favorable to appellee, the evidence reflects that on October 10, 1987, an incident occurred which culminated in the death of Benny Rana. On that evening, appellant, the victim, and a woman were drinking at a club. The three of them left the club at approximately 3:00 a.m. and went to appellant's mobile home to "party." While there, the victim became agitated and broke out the windshield of appellant's truck. He and the appellant began fighting and the woman ran to the back of the mobile home. Appellant went inside the mobile

home, got his rifle, came out the front door and admittedly fired a shot in the air. Appellant testified that his purpose in getting his gun was to scare the victim. He also testified that he was holding the gun with one hand and fighting the victim with the other at which time the gun accidently discharged several times. The victim was struck in the chest by one of the bullets and fatally injured.

Other evidence presented at trial revealed that before he left the bar on the evening in question, appellant told another person that he wanted to "whip" the victim. A neighbor testified that he heard three shots fired in rapid succession with the last shot sounding distinctly different from the first two. An investigation of the scene indicated that three spent shell casings were found in close proximity to the victim's body. One casing was found beneath the victim's hand and two were found immediately south of the victim's hand. An officer at the scene test fired appellant's gun three times to determine how far the weapon would eject the casings. The casings ejected distances ranging from 5'6" to 7'3½". The shirt worn by the victim was tested in the trace evidence laboratory for gunpowder residue; however, none was found. The criminologist who examined the shirt testified that he reached this negative conclusion after performing microscopic examination, infrared photography, sodium rhodizonate, modified griess, and x-ray fluorescence testing procedures. To determine the proximity of the weapon to the victim, the criminologist conducted test firing procedures which indicated that the gun would have to be fired five or six feet from the target to leave no gunpowder residue. A forensic expert also testified that the bullet which struck the victim was not fired from contact range but based upon his investigation could have been fired from as close as two feet.

Appellant argues that the facts of this case are insufficient to support his conviction. We disagree. Guilt need not always be proven by direct evidence. Circumstantial evidence can present a question to be resolved by the trier of fact and be the basis to support conviction. *Yandell* v. *State*, 262 Ark. 195, 555 S.W.2d 561 (1977). We have often said that the fact that evidence is circumstantial does not render it insubstantial. *See, e.g., Ashley* v. *State*, 22 Ark. App. 73, 732 S.W.2d 872 (1987). The jury is allowed to draw any reasonable inference from

circumstantial evidence to the same extent that it can from direct evidence. *Payne v. State*, 21 Ark. App. 243, 731 S.W.2d 235 (1987). Furthermore, the jury was not required to believe appellant's version of the events surrounding the shooting because he was the person most interested in the outcome. *Core v. State*, 265 Ark. 409, 578 S.W.2d 581 (1979).

■ Viewing the above and all evidence of record in the light most favorable to appellee, we find substantial evidence from which the jury could have found appellant guilty of second degree murder without resorting to surmise or conjecture. Therefore, we affirm as to appellant's first point for reversal.

## II.

### THE TRIAL COURT ERRED IN DENYING A CHALLENGE FOR CAUSE OF TWO PROSPECTIVE JURORS.

■ Appellant sought to dismiss for cause prospective jurors Marvin Pennington and Jewell Freeman. The court denied appellant's motions and appellant contends that the denials constitute reversible error. Appellant's argument must fail because in order to preserve this point for appeal, appellant must show that one of the jurors actually seated should have been excused for cause. In order to make that showing, appellant must demonstrate that after exhausting all of his peremptory challenges, he was forced to accept a juror against his wishes. We will not consider arguments concerning jurors either accepted by appellant while he had peremptory challenges remaining or those not accepted by appellant but excused by peremptory challenges. *Gardner v. State*, 296 Ark. 41, 754 S.W.2d 518 (1988). Here, appellant's abstract of voir dire does not reveal if his peremptory challenges were exhausted. In fact, appellant only abstracted a very small portion of the jury voir dire and on this record, we are unable to determine how many, if any, of his challenges (peremptory or for cause) were utilized. On appeal, the record is confined to that which is abstracted, *Sutherland v. State*, 292 Ark. 103, 728 S.W.2d 496 (1987). Furthermore, when an error is alleged, prejudice must be shown, since we do not reverse for harmless error. *Berna v. State*, 282 Ark. 563, 670 S.W.2d 434 (1984), *cert. denied*, 470 U.S. 1085 (1985). Because appellant has not shown

that he exhausted his peremptory challenges and was forced to take a juror he otherwise would have excused, he has not shown that he was prejudiced by the court's denial of his motions to exclude the jurors for cause.

## III.

### THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION IN LIMINE TO EXCLUDE THE SHIRT ALLEGEDLY WORN BY THE DECEDENT AT THE TIME HE WAS SHOT.

In this argument, appellant basically contends that the shirt was not properly authenticated as the one worn by the victim when he was shot and there was evidence of tampering. We disagree. The shirt challenged by appellant upon these grounds is a blood-soaked red and blue plaid shirt with gunshot holes corresponding to the wounds sustained by the victim. At a pre-trial hearing, appellant presented numerous witnesses who testified that appellant was not wearing a plaid shirt on the night of his death. Contrarily, the state put on evidence that the plaid shirt was one removed from the victim's body at the scene. Deputy Sheriff Ed Gilbert testified that he was involved with removing the red plaid shirt from the victim's body at the scene, packaging it into evidence and submitting it to Gerald Curtis, an investigator for the medical examiner's office of the state crime laboratory. Mr. Curtis testified that he received the shirt, along with other items of evidence relating to the victim, and took it to the evidence room in the morgue pending completion of the autopsy. Dr. Fahmy Malak, Chief Medical Examiner, testified that after his department received the shirt, he photographed it, gave it an autopsy number and then released it to the trace evidence department for further testing and examination. Dr. Malak's testimony revealed that the bullet holes in the plaid shirt corresponded to the entrance and exit wounds on the victim. He further testified that he received the shirt when he received the body for autopsy, and that the shirt was numbered and marked. Although appellant argues that the holes in the shirt could have been made to match the gunshot wounds, he presented no evidence of tampering or suspicious circumstances.

The purpose of the rule requiring a chain of

custody is to prevent the introduction of evidence which is not authentic. If the trial court is satisfied that in reasonable probability the evidence has not been tampered with, it is not fatal that the state did not eliminate every possibility of tampering. *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988). Evidentiary matters regarding chain of custody are left to the sound discretion of the trial court and rulings in this regard will not be reversed on appeal absent an abuse of discretion. *Hoback* v. *State*, 286 Ark. 153, 689 S.W.2d 569 (1985). Minor uncertainties in the proof of chain of custody are matters to be argued by counsel and weighed by the jury, but they do not render evidence inadmissible as a matter of law. *Gardner*, 296 Ark. at 65, 754 S.W.2d at 530. Moreover, when an object is subject to positive identification, the proof of chain of custody need not be as conclusive as it should be with respect to interchangeable items such as blood samples or drugs. *White* v. *State*, 290 Ark. 130, 717 S.W.2d 784 (1986). Here, a chain of custody had been established and appellant presented no evidence of tampering, suspicious circumstances or break in the chain of custody. Therefore, we cannot say the judge abused his discretion in denying appellant's motion to exclude the shirt worn by the victim on the night he was shot.

IV.

THE TRIAL COURT ERRED IN ALLOWING THE STATE TO USE INFLAMMATORY PHOTO-GRAPHS NOT PROVIDED APPELLANT PRIOR TO TRIAL.

On this point, appellant contends the trial court erred in admitting into evidence various photographs taken of the victim at the crime scene and autopsy photographs depicting the entrance and exit wounds on the victim. In support of this contention, appellant alleges that the pictures are inflammatory and the state failed to make them available to him prior to trial.

As regards the discovery issue, appellant concedes that photographs were mentioned in the state's discovery response; however, he alleges reversible error for the state's failure to produce them prior to trial. The discovery file provided appellant indicated that the crime scene was preserved by photographs

16

taken by Investigator McCord and that they would become a permanent part of the case file. The evidence reveals that the state did not have the pictures until the day of trial and appellant was given an opportunity to view the photographs outside the presence of the jury and make objections to their introduction into evidence.

 Arkansas Rules of Criminal Procedure 17.1 requires that the prosecuting attorney disclose to defense counsel, upon timely request, any material and information the prosecutor intends to use in any hearing or trial. Rule 17.2(a) provides that the prosecuting attorney shall perform his obligations under Rule 17.1 as soon as practicable. In *Fisk* v. *State*, 5 Ark. App. 5, 631 S.W.2d 626 (1982), this court stated that a trial court is not required to prohibit the introduction of evidence where there has been a failure to comply with discovery procedures unless there is a likelihood that prejudice will result. Also, the party alleging error is required to demonstrate that prejudice did in fact exist. *Smith* v. *State*, 10 Ark. App. 390, 664 S.W.2d 505 (1984). In the instant case, appellant failed to show that he was prejudiced by the fact that he did not see the photographs prior to trial. The existence of the photographs and the custodian's identity was made known to appellant in the state's discovery response several weeks prior to trial. For these reasons, the court found that appellant had notice of this information and allowed the photographs into evidence. An appellant cannot use the discovery rules as a substitute for his own investigation. *David* v. *State*, 295 Ark. 131, 748 S.W.2d 117 (1988).

 Appellant also alleges that the autopsy pictures revealing the entrance and exit wounds on the victim were unnecessary and prejudicial. The admissibility of photographs is within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. *Fitzhugh* v. *State*, 293 Ark. 315, 737 S.W.2d 638 (1987). Even inflammatory photographs are admissible if they tend to shed light on any issue, enable a witness to better describe the objects portrayed, permit the jury to better understand testimony, or corroborate testimony. *Bussard* v. *State*, 295 Ark. 72, 747 S.W.2d 71 (1988).

 This purpose was served here. The photographs corroborated the testimony of Dr. Fahmy Malak concerning the

crime scene, the location of the wounds, and appellant's position at the time of the shooting. Accordingly, the trial court did not abuse its discretion by admitting the photographs into evidence.

## V.

THE TRIAL COURT ERRED IN ALLOWING ADMISSION INTO EVIDENCE OF A REPORT FROM THE ARKANSAS STATE CRIME LABORATORY INSTEAD OF PRESENTING WITNESSES.

The report being challenged by appellant is a certified report from the Arkansas Crime Laboratory establishing that the rifle found at the scene was the weapon which fired the fatal shot. The court and both counsel discussed appellant's objection outside the hearing of the jury. Appellant was willing to stipulate to the findings in the report but objected to that portion of the report which classified the death as a homicide, thereby implying there was a murder. On appeal, appellant argues the report was excludable as hearsay; however, the record reveals that the basis for his objection at trial is as follows:

In the first place, I disagree with the State. I don't think that this is, in fact, admissible because it is an opinion, an expert opinion, without any qualifications having been presented or testified.

Secondly, I don't like their usual wording on the lab form where they seem to be making a conclusion that an offense has occurred. I believe we can handle it by stipulation and yet get the pertinent information in before them and not put that report in, which I think is objectionable.

Only specific objections made at trial are preserved for appeal and all others are waived. *Hart* v. *State*, 296 Ark. 290, 756 S.W.2d 451 (1988). Therefore, based on the above, appellant failed to preserve a hearsay argument for appeal. However, appellant also argues he was prejudiced by the notation on the report classifying the death as a homicide. It is well settled that appellant carries the burden to demonstrate prejudice, *Smith* v. *State*, 10 Ark. App. 390, 644 S.W.2d 505 (1984), and this court will not reverse absent demonstrated prejudicial error. *Bing* v.

*State*, 23 Ark. App. 19, 740 S.W.2d 156 (1987).

 *Black's Law Dictionary* defines homicide as "The killing of one human being by the act, procurement, or omission of another." Further, it states that homicide is not necessarily a crime and that the term "homicide" is neutral because while it describes the act, it pronounces no judgment on its moral or legal quality. Therefore, we cannot conclude that appellant demonstrated how he was prejudiced by the introduction of the report.

## VI.

### THE TRIAL COURT ERRED IN ALLOWING TESTIMONY OF A WITNESS CONCERNING THE DECEDENT'S LACK OF AGGRESSIVE PERSONALITY.

Appellant contends it was reversible error for the court to allow Rosalyn Blagg to testify concerning the victim's behavior, whether drunk or sober. Appellant challenged her testimony on the fact that it was irrelevant character testimony since Ms. Blagg had had no contact with the victim for the past eleven or twelve years. The state called for Ms. Blagg's testimony to rebut prior testimony attacking the victim's character. The court allowed the testimony determining that the amount of time that had passed related to the weight of the testimony rather than its admissibility.

 Arkansas Rules of Evidence 404(a)(2) provides that once character of the victim has been attacked by an accused, the state may offer rebuttal testimony. Additionally, Rule 401 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. A ruling on the relevancy of the evidence is discretionary with the trial court and its decision will not be reversed absent an abuse of discretion. *Willett* v. *State*, 18 Ark. App. 125, 712 S.W.2d 925 (1986).

 Here, the court found the witness' testimony relevant after she testified that the victim was a lifetime family friend whom she had dated. The court allowed the testimony noting that the fact that Ms. Blagg had not seen the victim regularly through

the years was a factor for the jury to consider in determining the weight to be accorded her testimony. We cannot say the trial court abused its discretion in allowing her testimony.

## VII.

### THE TRIAL COURT ERRED IN DENYING APPEL-LANT'S OFFERED INSTRUCTION AMCI 4002.

Although appellant raises this argument on appeal, he concedes in his brief that he did not include the proffered instruction in the record and therefore did not abstract it in his brief. The record on appeal is confined to that which is abstracted and arguments based on material not abstracted will not be considered. *Sutherland* v. *State*, 292 Ark. 103, 728 S.W.2d 496 (1987). The appellant bears the burden to bring up a record sufficient to demonstrate error below. *McLeroy* v. *Waller*, 21 Ark. App. 292, 731 S.W.2d 789 (1987). Therefore, we will not consider appellant's challenges to the court's denial of the proffered instruction.

## VIII.

### THE TRIAL COURT ERRED IN ALLOWING THE STATE TO PROCEED WITH MATTERS OF RESTI-TUTION POST-TRIAL WITHOUT NOTICE.

Appellant alleges the court erred in allowing the state to proceed with a hearing on restitution after the jury returned its guilty verdict. Appellant objected upon the basis of lack of notice which prohibited him from preparing a reasonable defense. Regarding this issue, Arkansas Code Annotated Section 16-90-305 (1987) provides as follows:

> (a) To enable the court or jury, as the case may be, to properly fix the amount of restitution or reparation, the prosecuting attorney shall, after appropriate investigation, recommend an amount that would make the victim whole with respect to the financial injury suffered, including value of property loss or injury, cost of medical care, burial expenses, if applicable, and all other measurable monetary damages directly related to the offense.

(b) If the defendant disagrees with the recommendation of the prosecuting attorney, he shall be entitled to introduce evidence in mitigation of the amount recommended.

Appellant relies on subsection (b) above to support his contention that he was due prior notice to prepare his defense; however, none of the above statutes relating to restitution matters require that any prior notice be given. The evidence reveals that the family of the victim approached the prosecuting attorney inquiring into this matter while the jury was deliberating its verdict. The court in making its ruling, noted the difficulty of reassembling the jury at a future date for the purpose of determining an amount of restitution.

A criminal defendant should know that when he is charged with a crime in this state, he is put on notice that upon conviction by a trial before the court or jury, he is susceptible to a term of imprisonment and/or a fine. Everyone is charged with knowledge of the criminal law. *Michalek* v. *Lockhart*, 292 Ark. 301, 730 S.W.2d 210 (1987). Since the passage of the restitution statutes, a criminal defendant is put on notice that he is also subject to the sanction of restitution in addition to imprisonment and/or a fine. Arkansas Statutes Annotated Sections 16-90-301 to -305 (1987) establish that the state's purpose in the passage of the restitution statute is to provide a means of making restitution to the victim. Under these statutes, the court has an affirmative duty, as far is practicable, to require the responsible offender to make restitution to his victim so as to make that victim whole with respect to the financial injury suffered. Appellant could have requested a continuance requiring the jury to return and utilize discovery procedures to obtain information as to the amount of restitution, if any, sought by the state.

Although we acknowledge that the better practice would be to give advance notice of intent to request restitution, we find no error in the case at bar in the court allowing the state to proceed with matters of restitution.

Affirmed.

CRACRAFT and COOPER, JJ., agree.